UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE MERRIMAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>M. LOWRY, et al.,,<br><br>　　　　　　Defendants. | No. 2: 19-cv-1445 TLN KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion June 26, 2020 motion to compel and for an extension of time to conduct discovery. (ECF No. 37.) Also pending is plaintiff's July 8, 2020 motion to modify the scheduling order. (ECF No. 39.)

For the reasons stated herein, plaintiff's motions are granted in part and denied in part.

Background

On January 23, 2020, the undersigned issued a scheduling order setting the discovery deadline as May 22, 2020, and the dispositive motion deadline as August 7, 2020. (ECF No. 25.) The scheduling order stated that motions to compel shall be filed by May 22, 2020, and that all discovery requests pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36 shall be served not later than sixty days prior to that date. (Id. at 5.)

////

1

On April 7, 2020, the undersigned granted defendants' April 1, 2020 request for extension of time to serve responses to plaintiff's discovery requests. (ECF No. 28.) The undersigned ordered defendants to serve their responses to plaintiff's request for productions (set one) on or before May 1, 2020. (Id.) The undersigned ordered defendants to serve their responses to plaintiff's interrogatories (set one) on or before May 6, 2020. (Id.)

In the April 7, 2020 order, the undersigned also ordered that "the parties may conduct discovery until June 21, 2020; any motion to compel discovery shall be filed by that date; all other deadlines in the discovery and scheduling order (ECF No. 25) remain in effect." (Id.)

On June 9, 2020, the undersigned granted plaintiff's May 4, 2020 request for extension of time to serve defendants with his response to defendants' request for production of documents. (ECF No. 33.) The undersigned ordered plaintiff to serve his responses within twenty-one days from the date of this order. (Id.)

On June 18, 2020 defendants filed a motion to modify the scheduling order. (ECF No. 35.) Defendants requested a ninety days extension of the discovery and dispositive motion deadlines on the grounds that they were unable to depose plaintiff until August 2020 based on the COVID-19 outbreak. (Id.)

On June 23, 2020, the undersigned granted in part and denied in part defendants' June 18, 2020 motion to modify the scheduling order. (ECF No. 36.) The undersigned ordered that defendants may conduct plaintiff's deposition on or before September 19, 2020. (Id.) The undersigned denied defendants' motion to extend the discovery cut-off date as to other discovery. (Id.) The undersigned extended the dispositive motion deadline to December 5, 2020. (Id.)

Plaintiff's Pending Motions

*Legal Standard*

Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause requires a showing of due diligence. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

////

*Analysis*

In his June 26, 2020 motion to compel, plaintiff requests that the court compel defendant Lowry to respond to the second set of interrogatories that plaintiff served on May 11, 2020 through the institutional mailing system. (ECF No. 37.) Plaintiff alleges that defendant failed to respond to these interrogatories. (Id.) Plaintiff also requests that the discovery deadline be extended by thirty days because he is waiting for his mental health records that he requested from the record office. (Id.) Plaintiff alleges that he will have to provide defendants with these records in order to supplement his previous response to defendants' request for production of documents. (Id.)

In his July 8, 2020 motion to modify the scheduling order, plaintiff alleges that on or around May 9, 2020, he sent defendant Lowry a second set of interrogatories and, on or around May 15, 2020, he sent defendant Lowry a second set of requests for production of documents. (ECF No. 39.) Plaintiff alleges that he received a letter from defense counsel stating that they would not be providing plaintiff with responses to his second set of interrogatories and second set of requests for production of documents due to the expiration of the discovery deadline. (Id.) In the July 8, 2020 motion to modify the scheduling order, plaintiff requests that the court extend the discovery deadline by sixty days and order defendants to respond to his second set of discovery requests. (Id.)

On July 9, 2020, defendants filed an opposition to plaintiff's June 26, 2020 motion to compel.[1] (ECF No. 40.) Defendants argue that plaintiff's second set of interrogatories, served on May 11, 2020 are untimely. Defendants argue that in the April 7, 2020 order, the undersigned reset the discovery deadline to June 21, 2020, but left all other deadlines in the discovery and scheduling order intact. (Id.) Defendants state that the parties therefore had until April 22, 2020 to serve any written discovery. (Id.) Defendants also state that, pursuant to the scheduling order, written responses to discovery are due forty-five days after the request is served. (Id.)

---

[1] Defendants have not filed an opposition to plaintiff's July 8, 2020 motion to modify the scheduling order. However, the undersigned considers defendants' opposition to plaintiff's June 26, 2020 motion to compel in evaluating plaintiff's July 8, 2020 motion to modify the scheduling order.

3

Defendants state that their response to plaintiff's interrogatories, served on May 11, 2020, were due on June 29, 2020, which is eight days after the discovery cut-off.  (Id.)

On July 21, 2020, plaintiff filed a reply to defendants' opposition to his motion to compel. (ECF No. 42.)  Plaintiff alleges that he served his untimely discovery requests because he was confused about the discovery cut-off deadline.  Plaintiff alleges that when the court re-set the discovery cut-off deadline to June 21, 2020, in the order filed April 7, 2020, he thought that he had until June 21, 2020 to serve discovery requests.  Plaintiff alleges that the orders modifying the discovery cut-off dates caused him not to comprehend that written discovery requests were to be made not later than sixty days before the discovery cut-off date.

The undersigned is not persuaded by plaintiff's alleged misunderstanding of the discovery deadlines.  The January 23, 2020 scheduling order clearly stated that all discovery requests were to be served not later than sixty days prior to the discovery cut-off deadline.  The April 7, 2020 order resetting the discovery deadline to June 21, 2020, clearly stated that any motions to compel must be filed by that date and that "all other deadlines in the discovery and scheduling order (ECF No. 25) remain in effect."  Moreover, in his May 4, 2020 motion for extension of time, plaintiff stated that he understood that responses to discovery requests were due forty-five days after the request was served, suggesting that plaintiff either knew or should have known that the responses to his second set of discovery requests would be due after the June 21, 2020 discovery cut-off date.

For the reasons discussed above, the undersigned finds that plaintiff has not shown good cause to modify the scheduling order.  Plaintiff's request that defendants be ordered to respond to his untimely discovery requests is denied.

Plaintiff's motion for an extension of time to supplement his response to defendants' request for production of documents is granted.  Plaintiff shall serve defendants with his supplemental response to the request for production of documents within thirty days of the date of this order.

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 37) and motion for extension of time (ECF No. 39), requesting that defendants be ordered to respond to his untimely second set of discovery requests, are denied;

2. Plaintiff's motion for an extension of time to serve a supplemental response to defendants' request for production of documents is granted; plaintiff shall serve defendants with his supplemental response to the request for production of documents within thirty days of the date of this order.

Dated: August 4, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Merr1445.ord

5